IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY ROBINSON,

    Plaintiff,                        CV F 05 0104 AWI WMW   P

  vs.                                        <u>ORDER</u>

DEPT. OF CORRECTIONS, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se.  This action was initiated by plaintiff by the filing of documents with the court.   The letter sets forth generalized grievances regarding plaintiff's confinement at CCI Tehachapi.   On February 16, 2005, the court advised plaintiff that if he desired to pursue a civil rights action, he must do by filing a civil rights complaint.  Plaintiff was further advised that if he chose to proceed with a civil complaint, he would be assessed a filing fee.  The court sent to plaintiff a form complaint for a civil rights action.   Plaintiff failed to respond to the order and on March 25, 2005, the court recommended that this action be dismissed for failure to state a claim.

        On April 19, 2005, and May 2, 2005, plaintiff filed letters with the court. Neither of plaintiff's submissions comply with the February 16th order.  Specifically, they are not in the form of a complaint.  Plaintiff's letters appear to challenge the calculation by the CDC of

plaintiff's earliest possible release date.  Plaintiff also levels generalized grievances regarding the judicial system in general and the Los Angeles Municipal Court in particular.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Assuming plaintiff's submissions qualify as a properly filed complaint, they fail to state a claim for relief.   The crux of plaintiff's complaint is that his release date was improperly calculated, thereby entitling him to earlier release.  Plaintiff's sole federal remedy is a writ of habeas corpus.  As to any other allegations, the court again advises plaintiff of the following:

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court will provide plaintiff with a final opportunity to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The March 25, 2005, recommendation of dismissal is vacated.

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   July 1, 2005**         **/s/  William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE